UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-377-GWU

BARBARA A. JACKSON, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Jackson

>   Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520©), 404.1521, 416.920©), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

Jackson

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Jackson

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Jackson

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

6

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Barbara A. Jackson, was found by an administrative law judge (ALJ) to have "severe" impairments consisting of hepatitis B and muscle weakness. (Tr. 15). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 18). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were capable of "light" level exertion, and could perform no climbing, stooping, bending, crouching, or crawling, and no overhead reaching with either arm. (Tr. 237-8). The VE responded that there were jobs that such a person could perform, and proceed to give the numbers in which they existed in the state and national economies. (Tr. 238).

Jackson

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence.

The plaintiff alleged disability due to hepatitis, arthritis, allergies, and tendonitis. (Tr. 67). She testified that she had been diagnosed with hepatitis B in October, 2005, and the condition still left her fatigued. (Tr. 232, 235). Her main allegation of disability related to arthritis pain which affected her arms, legs, and other joints, including her hands and shoulders. (Tr. 226, 228-30). Due to the diagnosis of hepatitis, she was unable to take proper medication for arthritis. (Tr. 228). She also testified to depression and anxiety. (Tr. 234).

Much of the medical evidence concerns the plaintiff's diagnosis with Hepatitis B and subsequent treatment. (E.g., Tr. 128-30, 148-9). The most recent office note from one of the physicians treating the plaintiff for the condition indicated that the plaintiff was "starting to mount an immune response," but her recovery was not yet complete. (Tr. 188). The physician, Dr. Unnithan Raghuraman, indicated that "clinically, she is doing well [except] for arthritis and depression," and advised her not to use more than two or three tablets of Tylenol per week, because of the risk of liver damage. (Id.). No functional restrictions are given.

Dr. Bobby J. Kidd conducted a consultative examination of the plaintiff on November 30, 2004, but apparently found no abnormalities. (Tr. 142-6). No objective tests such as x-rays were performed or reviewed. A state agency

8

physician who reviewed part of the evidence, including Dr. Kidd's report, opined that the plaintiff did not have any "severe" impairment. (Tr. 185).

The plaintiff's treating family physician, Dr. David Delapena, submitted office notes from well before the plaintiff's alleged onset date, as well as more recent notes, reflecting complaints of depression and arthritis, for which he prescribed various medications including Zoloft, Celebrex, Naproxin, and Ultran. (Tr. 160-1, 200-1). The most recent office note is dated October 4, 2005 and contains diagnoses of anxiety, depression, arthritis, tendonitis, and hepatitis B. (Tr. 200).

Dr. Delapena submitted a functional capacity questionnaire dated January 30, 2006, indicating that he had treated the plaintiff since 1992 and that she would be limited to less than full-time standing, walking, and sitting, could occasionally lift less than ten pounds, and would have limitations on grasping, manipulating, and reaching overhead. (Tr. 203-6). The form also stated that the plaintiff's pain was severe enough to interfere with her attention and concentration "constantly" and she would also have a moderate limitation in her ability to deal with work stress. (Tr. 204).

The ALJ rejected Dr. Delapena's assessment, citing several grounds, including the lack of objective evidence of arthritis and an assumption that he based his assessment entirely on the claimant's report. (Tr. 20). While Dr. Delapena did answer a question regarding the nature, location, frequency, precipitating factors and severity of his patient's pain by stating "[patient] states I hurt in all my joints," an indication that he was reporting her subjective complaints for <u>one</u> answer, he also

9

identified "positive objective signs" of a painful range of motion, reduced grip strength, tenderness, muscle spasm, and muscle weakness. (Tr. 203).

Since Dr. Delapena was a treating source, and the only examining source to express an opinion regarding functional capacity, his opinion is entitled to substantial weight. While his office notes do not contain detailed findings, his indication of specific, objective signs in the functional capacity assessment do provide some support for his limitations, and it is also consistent with the prescription medications for pain and muscle spasm he prescribed, and with Dr. Raghuraman's indication that arthritis was clinically present. (Tr. 188).

Dr. Kidd did not express an opinion, and the state agency reviewers did not have access to the entire record and give clear reasons for disagreeing with the treating source. <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994). Therefore, a remand will be required for additional consideration.

This the 14th day of May, 2007.

**Signed By:**

<u>G. Wix Unthank</u> 

**United States Senior Judge**